**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 14-58250 |
| | : | |
| Nick Glassburn, | : | Chapter 7 |
| | : | Judge C. Kathryn Preston |
| Debtor. | : | |

**TRUSTEE'S APPLICATION FOR APPROVAL OF COMPROMISE OF DISPUTE OVER SALE PROCEEDS OF HATHERTON PLACE PROPERTY**

Larry J. McClatchey, Trustee ("Trustee") requests an order pursuant to 11 U.S.C. § 328(a), Rules 2016 and 9019 of the Federal Rules of Bankruptcy Procedure that authorizes Trustee to settle and compromise a dispute with Reliance Communications, LLC ("Reliance") over distribution of net proceeds from the sale of the real property commonly known as 7804 Hatherton Place, Galena, Ohio 43021 ("Property").

In support of this application, Trustee respectfully represents as follows:

1. Pursuant to order of this Court entered April 21, 2015 [Doc. #62] ("Sale Order") Trustee sold the Property for $99,900.00, *See, Trustee's Report of Sale* filed June 5, 2015 [Doc. #77]. After commissions, closing costs and transfer fees, the sale proceeds received by the Trustee equal $78,099.45.

2. Reliance has claimed an interest in the Property by virtue of a certificate of judgment filed June 29, 2012, Delaware County Court of Common Pleas Case No.: 12-CJ-506028, ("Judicial Lien") to secure a judgment against Nick Glassburn, Debtor, in the amount of $557,143.00.

3. Reliance contends that the Judicial Lien is the first and best lien on the sale proceeds.

4. Trustee contends that the Judicial Lien is subject to possible avoidance pursuant to the provisions of 11 U.S.C. §522(f) upon motion by Debtor.

5. Trustee successfully opposed the homestead exemption claimed by Debtor in the Property, but that encumbrance is preserved for the benefit of the estate pursuant to 11 U.S.C. §551.

6. Trustee and Reliance agreed, subject to Court approval after notice and a hearing, in a *Stipulation Between Trustee and Reliance Communications, LLC for Allocation of Sale Proceeds* filed June 22, 2015 [Doc. #78] that the proceeds from the Property sale after payment of valid liens, if any, having priority over the Judicial Lien, sale costs and expenses approved by the Court, including fees of Trustee's counsel but not including Trustee compensation ("Net Sale Proceeds"), shall be divided on the basis of 60% to Reliance and 40% to Trustee for the benefit of the estate.

7. Trustee's counsel, Kegler Brown Hill & Ritter, has been awarded compensation of $14,288.00 and reimbursement of expenses of $594.88 incurred in the sale of the Property. After payment of these fees and expenses, Net Sale Proceeds remaining in the estate equal **$63,216.57.**

8. Pursuant to the agreement of Trustee and Reliance set forth in the Stipulation, upon Court approval of this proposed compromise, Trustee intends to disburse to Reliance the sum of **$37,929.94** in full payment of its claim allegedly secured by the Net Sale Proceeds.

## Approval of Settlement

Generally, under Federal Rule of Bankruptcy Procedure Rule 9019, the Court should approve a proposed settlement upon its determination that the settlement is "fair and equitable." *See Nicole Energy Servs. Inc.*, 385 B.R. 201, 210 (Bankr. S.D. Ohio 2008) (citing *Bauer v.*

*Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)). To determine whether a compromise is fair-and-equitable, the Court should consider: "(1) the Debtor's probability of success if the litigation proceeds; (2) what difficulties may arise in the collection of any judgment; (3) the complexity, expense and delay that the parties will face; and (4) whether the proposed settlement satisfies the paramount interests of creditors and takes into account their views." Id. at 210 (citing *Fishell v. Soltow* (In re Fishell), 47 F.3d 1168 (table), 1995 WL 66622 at *3 (6th Cir. 1995)).

Examination of these factors demonstrates that Trustee's proposed compromise should be approved by this Court.

**1. Probability of Success on the Merits**

Trustee is uncertain that he would be able to prevail on the merits of the dispute with Reliance if the matter proceeds to litigation. There is precedent to support the claim that the Judicial Lien is subject to possible avoidance under provisions of 11 U.S.C. §522(f). However, this privilege is granted to the Debtor, not to the Trustee. Section 551 does provide that a transfer "avoided under Section 522" is preserved for the benefit of the estate. However, Trustee has been unable to locate any case law applying these two statutory provisions in tandem.

On the other hand, Reliance does have a validly perfected judgment lien which was an encumbrance on the Property. The amounts due Reliance is substantially in excess of the Net Sale Proceeds. Therefore, the potential result of litigation is an "all or nothing" result as to both litigants.

**2. Difficulties in Collection**

This compromise relates to the distribution of funds now in possession of the Trustee. This factor is therefore not relevant in this case.

### 3. Complexity Expense and Delay of Further Litigation

Neither Trustee nor Reliance has commenced any litigation over the disposition of the Net Sale Proceeds. A motion beginning a contested matter or an adversary proceeding would take at least six to eight months to resolve. An appeal by either litigant could delay resolution for up to an additional year.

The facts relating to the dispute are relatively simple and straight forward. However, the application of unsettled law to these facts may require complex analysis. Preparation and trial will require significant expense by both Trustee and Reliance. Resolution of the dispute will also require expenditure of substantial judicial resources.

Consideration of the complexity, expense, and delay of further litigation suggests that approval of the compromise is in the best interest of the estate.

### 4. Paramount Interest of Creditors

Trustee believes approval of the compromise on the terms set forth above is consistent with the paramount views and interest of the estate and its creditors. The proposed compromise will enhance the distribution for the estate and will expedite the closing of the chapter 7 case. Approval of the compromise will also reduce administrative expenses.

As explained above, litigation of the dispute will entail an effort in which expenses would significantly reduce the ultimate recovery of the estate. Moreover, it is a possibility that litigation of the dispute would result in judgment in favor of Reliance. In contrast, Trustee's proposed settlement guarantees a meaningful additional recovery for the estate and avoids the litigation risks facing the estate if the settlement is not approved. To date, Trustee has recovered approximately $80,000.00 and has the sum of $65,762.97 remaining on hand. Trustee expects to complete the sale of the property at 7135 Laver Lane, which sale may generate approximately

$200,000.00 or more for the benefit of the estate. Trustee is investigating several other potential avoidance actions, but is unable to predict any ultimate recovery on those claims at this time. Over $5,000,000.00 in alleged priority claims have been filed in this case. Unsecured non priority claims filed to date exceed $3,000,000.00. Since it is unlikely that any dividend will be paid to unsecured creditors in this case, the amount of this settlement is not germane to the analysis of whether the compromise should be approved. However, all creditors will benefit from an expeditious conclusion of the case, which will be further by final resolution of this matter by way of settlement.

5.  **Conclusion**

The proposed settlement between Trustee and Reliance is the product of substantial, arms' length negotiations between the parties. The terms are fair and equitable, and meet the standards for approval by the Court. Taking into account the Trustee's uncertain likelihood of success on the merits, the complexity, delay, and expense of further litigation, and the presumed interest of creditors, the proposed compromise is in the best interest of the estate and should be approved by this Court.

/s/Larry J. McClatchey
Larry J. McClatchey (0012191)
Kegler, Brown, Hill + Ritter
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Telephone: (614)462-5400
Facsimile:   (614)464-2634
lmcclatchey@keglerbrown.com
Trustee and Attorney for Trustee

## NOTICE AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that Larry J. McClatchey, Trustee filed an *Application to Approve Compromise* with the Court.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy case. (If you do not have an attorney, you may wish to consult one.)** If you do not want the Court to grant the relief requested, or if you want the court to consider your views on the application then on or before **twenty one (21) days from the date set forth in the certificate of service for the motion or objection** ("Response Date"), you must file with the court a response explaining your position by mailing your response by regular US Mail to the Clerk of the United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215 OR your attorney must file a response using the court's ECF System. If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Response Date.

You must also mail a copy of your response on or before the Response Date by 1) the Court's ECF System or 2) by regular US Mail to Trustee's counsel, Larry J. McClatchey, Kegler Brown Hill & Ritter, 65 East State Street, Suite 1800, Columbus, Ohio 43215. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

## CERTIFICATE OF SERVICE

This is to certify that on August 12, 2015, a copy of the foregoing *Application to Approve Compromise* was served electronically through the Court's ECF System at the email address registered with the Court:

Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
Salvatore A Barbatano    sbarbatano@wwrplaw.com
Austin B Barnes    abarnes@sandhu-law.com
Christopher D Betts    cbetts@co.delaware.oh.us
Thomas Catlett Cifelli    thomasc@w-legal.com, teresap@w-legal.com;bncmail@w-legal.com
Brandon Charles Hedrick    bhedrick@hedrickjordan.com
Christopher P Kennedy    bankruptcy@carlisle-law.com
Sherri Blank Lazear    slazear@bakerlaw.com
Pamela N Maggied    maggiedlaw@midohio.twcbc.com, pmaggied@rrohio.com
Larry J McClatchey    rkelley@keglerbrown.com, ecf.alert+McClatchey@titlexi.com
Larry J. McClatchey    lmcclatchey@keglerbrown.com, bgibson@keglerbrown.com
Richard P. Schroeter    rschroeter@amer-collect.com, crogers@amer-collect.com
Nancy Ashbrook Willis    nancywillis1@embarqmail.com

and on the following by ordinary US Mail addressed to:

**SEE ATTACHED EXHIBIT A[1]**

                                                /s/Larry J. McClatchey
                                                Larry J. McClatchey

---

[1] Service is limited by the *Order Limiting Notice to Creditors Whose Claims are filed* [Doc. #59]

## **EXHIBIT A**

Nick Glassburn
7848 Hatherton Place
Galena, Ohio 43021

Ohio Banc Auction
Matthew Pierson
3905 Jackson Pike
Grove City, OH 43123

Kentucky Department of Revenue
Legal Support Branch
PO Box 5222
Frankfort, KY 40602

PNC BANK, N.A.
PO Box 94982
Cleveland, Ohio 44101

Spellacy's Turf-Lawn Inc
6555 Plumb Road
Galena OH 43021

Babbitt & Weis LLP
503 S Front St, Ste 200
Columbus, OH 43215-5666

Talmer Bank and Trust
fka First Place Bank
525 Water Street
Port Huron, MI 48060

Concur Technologies
601 108th Ave NE #1000
Bellevue, WA 98004

Reliance Communications LLC
Brandon C Hedrick
100 E Third Street
Suite 500
Dayton OH 45402

American Electric Power
Attn Bankruptcy
1 AEP Way
Hurricane WV 25526

Evolution AG LLC
5565 State Route 37 E
Delaware, OH 43015

Carriage Way LLC
c/o Taxman Corp
5215 Old Orchard Rd, Suite 130
Skokie, IL 60077

Department Of The Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

TESSCO Inc
11126 McCormick Rd
Attn Kelley Forella
Hunt Valley, MD 21031

Pennsylvania Department of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128

Nexlink Communications, LLC
Salvatore A. Barbatano, Esq.
Williams, Williams, Rattner & Plunkett,
380 N. Old Woodward Avenue, Suite 300
Birmingham, MI 48009

American InfoSource LP as agent for
Verizon
PO Box 248838
Oklahoma City OK 731248838

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216

Ohio Attorney General Collections
Enforcement Section
Attn: Bankruptcy Unit
150 East Gay Street
21st Floor
Columbus, Ohio 43215

Mt Carmel Health
Corporate Service Center
Customer Service 2nd Fl
6150 E Broad St
Columbus OH 43213

Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

Delaware County Treasurer
140 N Sandusky St
Delaware, OH 43015

Hallowes & Ebbeskotte LLC
Donald B Hallowes Esq
6100 East Main Street Suite 108
Columbus OH 43213

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, Illinois 60664-0338

Sunrise Hospital And Med
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602

Ashley Funding Services, LLC its successors and
assigns as assignee of Laboratory
Corporation of America Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Michael G. Stiff MD Inc
615 Copeland Mill Road Suite 1 E
Westerville OH 43081
Loren Brelsford
9590 S Old State Rd
Lewis Center, OH 43035

Jenny Comerford
8283 Sirius St
Columbus, OH 43240

Sarah M. Glassburn
6971 Maple Hill Ct
Westerville, OH 43082